**MORGAN, LEWIS & BOCKIUS LLP**
Joseph Duffy (SBN 241854)
Joseph V. Quattrocchi (SBN 257568)
300 South Grand Avenue
Twenty-Second Floor
Los Angeles, CA  90071-3132
Tel:   213.612.2500
Fax:   213.612.2501
jduffy@morganlewis.com
jquattrocchi@morganlewis.com

Attorneys for Defendant
JPMorgan Chase Bank, N.A.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIE JENKINS, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>JPMORGAN CHASE BANK, NATIONAL ASSOCIATION, ALBERTELLI LAW PARTNERS CALIFORNIA, PA, and DOES 1-50, INCLUSIVE.<br><br>Defendants. | Case No. 2:14-cv-04735-CAS-FFM<br><br>**DEFENDANT JPMORGAN CHASE BANK NOTICE OF HEARING ON MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FED. R. CIV. P. 12(B)(6); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:    July 29, 2014<br>Time:    10:00 a.m.<br>Crtrm.:  E.<br>Judge:   Hon. Frederick F. Mumm<br><br>Complaint Filed: May 12, 2014<br>Trial Date: Not yet set |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 25159838.1

1

NOTICE OF MOTION AND MOTION TO DISMISS

**TO PLAINTIFF AND HIS COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on July 29, 2014, at 10:00 a.m., or as soon thereafter as this matter may be heard, in Courtroom E, before the Honorable Frederick F. Mumm of the United States District Court, Central District of California, United States Courthouse, 312 North Spring Street, Los Angeles, CA 90012-4701, Defendant JPMorgan Chase Bank, N.A. ("Defendant") will move the Court pursuant to Fed. R. Civ. P. 12(b)(6) for an order dismissing the Complaint of Plaintiff Willie Jenkins ("Plaintiff") filed on May 12, 2014 and all claims alleged against Defendant.

The grounds for Defendant's Motion are that (1) Plaintiff has failed to state a claim against Defendant upon which relief can be granted [Fed. Rule Civ. Proc. 12(b)(6)]; (2) the Complaint fails to present a "short and plain statement" of Plaintiff's claims against Defendant [Fed. Rule Civ. Proc. 8(a)] and is not "simple, concise and direct" [Fed. Rule Civ. Proc. 8(d)]; (3) Plaintiff has failed to articulate any cognizable legal theories to support his claims against Defendant; (4) the defects in the Complaint are such that they are incurable through amendment; and (5) Plaintiff can prove no set of facts in support of his claims which would entitle him to relief.  Accordingly, the Complaint, and the claims brought against Defendant therein, should be dismissed with prejudice.

The Motion will be based on this Notice of Motion, the supporting Memorandum of Points and Authorities attached hereto, the pleadings, records, and files in this action, and upon such further oral or documentary evidence and argument as may be presented at or before the hearing and any other matter the Court may deem appropriate.

This Motion is made following Defendant's unsuccessful attempts to meet and confer with Plaintiff on June 4, 2014, June 17, 2014, and June 24, 2014 pursuant to L.R. 7-3 .

///

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 25159838.1

2

NOTICE OF MOTION AND MOTION
TO DISMISS

| | |
|---|---|
| Dated: June 26, 2014 | **MORGAN, LEWIS & BOCKIUS LLP** |
| | By: /s/ *Joseph V. Quattrocchi* |
| | Joseph V. Quattrocchi |
| | Attorneys for Defendant |
| | JPMorgan Chase Bank, National Association |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 25159838.1

3

NOTICE OF MOTION AND MOTION TO DISMISS

# MOTION

Defendant JPMorgan Chase Bank, N.A. ("Defendant") respectfully moves this Court, pursuant to Fed. R. Civ. P. 12(b)(6) for an order dismissing the Complaint of Plaintiff Willie Jenkins ("Plaintiff") filed on May 12, 2014 and all claims alleged against Defendant.

The grounds for Defendant's Motion are that (1) Plaintiff has failed to state a claim against Defendant upon which relief can be granted [Fed. Rule Civ. Proc. 12(b)(6)]; (2) the Complaint fails to present a "short and plain statement" of Plaintiff's claims specifically against Defendant [Fed. Rule Civ. Proc. 8(a)] and is not "simple, concise and direct" [Fed. Rule Civ. Proc. 8(d)]; (3) Plaintiff has failed to articulate any cognizable legal theories to support his claims as against Defendant specifically; (4) the defects in the Complaint are such that they are incurable through amendment; and (5) Plaintiff can prove no set of facts in support of his claims which would entitle him to relief. Accordingly, the Complaint, and the claims brought against Defendant therein, should be dismissed with prejudice.

This Motion is made following Defendant's unsuccessful attempts to meet and confer with Plaintiff on June 4, 2014, June 17, 2014, and June 24, 2014 pursuant to L.R. 7-3.

Dated: June 26, 2014

**Respectfully submitted,**
**MORGAN, LEWIS & BOCKIUS LLP**

By: /s/ *Joseph V. Quattrocchi*
Joseph V. Quattrocchi
Attorneys for Defendant
JPMorgan Chase Bank, National Association

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

Plaintiff Willie Jenkins's ("Plaintiff") Complaint consists of sixteen paragraphs of conclusory and vague allegations that are insufficient to support any claim for relief. Plaintiff claims that Defendant JPMorgan Chase Bank, N.A. ("JPMC") somehow failed to "compl[y] with numerous specific conditions set forth in the [California Homeowner's Bill of Rights ("HOBR")] but does not put forth any specific allegations that suggest how or when JPMC allegedly violated these "numerous conditions." Even more, Plaintiff fails to allege how HOBR is applicable in this specific instance. JPMC is therefore without any meaningful notice as to the basis of Plaintiff's grievances. Indeed, JPMC is not required to surmise as to the basis for this action. Under, Fed. R. Civ. Proc. 8(a) ("Rule 8") that responsibility lies entirely with Plaintiff. Even a cursory inspection of the pleadings indicates that Plaintiff has not exerted even a modicum of effort in attempting to comply with Rule 8.

Insofar as Plaintiff has brought the instant lawsuit against JPMC for alleged HOBR violations, the applicable law does not support any of Plaintiff's faulty legal theories. **First**, Plaintiff's allegations in support of his HOBR claims are vague at best. JPMC cannot discern whether the purported HOBR violations are alleged to have occurred before or after HOBR's effective date of January 1, 2013. **Second**, Plaintiff has not alleged that he submitted a complete loan modification application; much less when he submitted any alleged application such that HOBR's dual tracking ban would apply. **Third**, Plaintiff does not allege, and the statutory authority cited does not suggest, that JPMC was ever obligated to modify Plaintiff's loan. **Fourth**, Plaintiff has not pled sufficient facts that amount to any claim for relief. For the foregoing and for those set forth herein, Defendant respectfully requests that Plaintiff's Complaint be dismissed with prejudice.

## II. THE APPLICABLE LEGAL STANDARD

Motions to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) test the legal sufficiency of a complaint. *See Navarro v. Block,* 250 F.3d 729, 732 (9th Cir. 2001). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are not enough to survive a motion to dismiss. *Iqbal*, 556 U.S. at 677. Rather, Fed. R. Civ. P. 8(a)(2) imposes a "plausibility standard" which requires a plaintiff to plead "factual content that allows the court to draw the reasonable inference that a defendant is liable for the misconduct alleged." *Id*. In ruling on a Rule 12(b)(6) motion, the Court is to accept the factual allegations of a complaint as true; however, allegations amounting to nothing more than legal conclusions are not entitled to the assumption of truth. *Id.* at 678.

## III. ARGUMENT

### A. The Complaint Does Not Comply With Rule 8.

The Complaint fails to meet the basic notice pleading requirements of Federal Rule of Civil Procedure 8(a), which vests a court with "the power to insist upon some specificity in pleading before allowing a potentially massive factual controversy to proceed." *See Bell Atl. Corp.*, 550 U.S. at 558. Rule 8 demands more than a complaint that is merely consistent with a defendant's liability—labels and conclusions, or formulaic recitals of the elements of a cause of action do not suffice. *See Ricketts v. Haah*, 2013 U.S. Dist. LEXIS 90241 (C.D. Cal. 2013). Instead, a plaintiff must allege sufficient underlying facts to provide fair notice of the claims being asserted to enable defendants to defend themselves effectively. *See Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). For a complaint to survive a Rule 8 challenge, its "factual allegations must be enough to raise a right to relief

Morgan, Lewis &
Bockius LLP
Attorneys at Law
Los Angeles

DB2/ 25159838.1

2

NOTICE OF MOTION AND MOTION TO DISMISS

above the speculative level" and "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Bell Atl.Corp.*, 550 U.S. at 550; *Ashcroft*, 556 U.S. at 678.

Rule 8 is violated where "it is nearly impossible to discern a short and concise set of facts underlying the multitude of claims, including which claims are asserted against which Defendants and for what reasons." *McNeil v. Home Budget Loans,* 2010 U.S. Dist. LEXIS 58111, at *4 (C.D. Cal. 2010).  This tactic, known as "group pleading," fails to provide any of the defendants with "fair notice of what the . . . claim is and the grounds upon which it rests." *See Bell Atl. Corp.,* 550 U.S. at 555.  *See also Gauvin v. Tombatore* , 682 F.Supp. 1067, 1071 (N.D. Cal. 1988) (lumping all defendants together fails to satisfy Rule 8 notice provision).

In the instant matter, Plaintiff fails to allege any facts related to his asserted claims. (*See gen.*, Compl.)  Although Plaintiff puts forth conclusory allegations of wrongdoing directed at JPMC generally, he wholly fails to support his claims with any factual assertions.  Furthermore, Plaintiff has not articulated any comprehensible legal theories that may give rise to a claim for relief predicated upon his conclusory allegations.  For example, general statements that JPMC did not assist Plaintiff in obtaining a loan modification and transferred him to different representatives do not amount to claims for violation of HOBR.  (*See* Compl. ¶ 4). Moreover, Plaintiff's HOBR claim merely states the generalize relief available under "2923.5, 2923.7, 2924.11, [and] 2924.17" but entirely fails to allege how these provisions apply in this particular matter. (*See* Compl. ¶ 11).

As it relates to JPMC, the Complaint in this case is indecipherable and fails to meet the standards of Fed. R. Civ. P. 8(a).  As a result, JPMC lacks notice of the legal or factual basis for the claims being asserted against them and the Complaint fails to satisfy Rule 8's requirement that it contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  For the foregoing reasons,

Plaintiff's HOBR claim fails as a matter of law and should be dismissed with prejudice.

### B. Plaintiff's Pleadings In Support Of His HOBR Claim Are Insufficient To State A Claim For Relief.

Plaintiff claims that JPMC violated various provisions of HOBR but does not allege when these purported violations occurred. (*See gen.*, Compl.) Such allegations are relevant because HOBR did not take effect until January 1, 2013 and is not applied retroactively. *See Rockridge Trust v. Wells Fargo*, 2013 U.S. Dist. LEXIS 139606, at *99-100 (N.D. Cal. 2013) (dismissing a HOBR claim where the Notice of Default and Notice of Trustee's Sale were recorded prior to January 1, 2013). *See also Morgan v. Aurora Loan Serv., LLC*, 2013 U.S. Dist. LEXIS 145623, *15-16 (C.D. Cal. 2013) (holding that HOBR is not applied retroactively). Unless the alleged HOBR violation occurred prior to January 1, 2013, Plaintiff cannot state a claim for relief.

### C. JPMC Was Never Obligated To Modify Plaintiff's Loan.

Insofar as Plaintiff may assert that JPMC violated any statutory provision by not providing him with a loan modification, such contentions fail as legally untenable. Plaintiff has not identified any provision of California or federal law that requires JPMC to review and/or approve a loan modification application. Rather, it is well established in California that lenders have no duty to modify a loan. *See Mabry v. Superior Court*, 185 Cal.App.4th 208, 232 (2010). Nowhere in the California Civil Code exists any language requiring lenders modify a loan. Applicable statutes, such as *Cal. Civ. Code* § 2923.6(a)-(b) merely express the legislative hope that "the mortgagee, beneficiary, or authorized agent offer the borrower a loan modification or workout plan if such a modification or plan is consistent with its contractual or other authority." *See Mabry*, 185 Cal.App.4th at 222; *Diunugala v. JP Morgan Chase Bank, N.A.*, 2013 U.S. Dist. LEXIS 144326 (S.D. Cal. 2013); *Bunce v. Ocwen Loan Servicing*, LLC, 2013 U.S. Dist. LEXIS

100111, *5-6 (E.D. Cal. 2013). Absent specific terms in the DOT, there is no duty to modify. *See Busch v. Globe Indus.*, 200 Cal.App.2d 315, 320 (1962). These rulings follow the general rule that there is no duty to modify a contract. *See Vella v. Hudgins*, 151 Cal.App.3d 515, 519 (1984).

In the instant matter, Plaintiff seemingly requests that this Court sanction JPMC for not modifying his loan. Since JPMC is not obliged to approve any loan modification application, this Court cannot render a judicial determination as to whether Plaintiff qualified for a loan modification. *See Mabry*, 185 Cal.App.4th at 232. Thus, to the extent this lawsuit is premised on Plaintiff's allegation that JPMC failed to approve his loan modification application, it fails as a matter of law. *See Mabry*, 185 Cal.App.4th at 222.

### D.  JPMC Is Exempt From Liability For Any Alleged Violations Of HOBR.

*Cal. Civ. Code* § 2924.12(g) exempts all signatories "to a consent order entered in the case entitled *United States of America et al. v. Bank of America Corporation et al.*, filed in the United States District Court of the District of Columbia, case number 1:12-cv-00361 RMC, that are in compliance with the relevant terms of the Settlement Term Sheet of that consent judgment with respect to the borrower who brought an action pursuant to this section while the consent judgment is in effect" from liability under HOBR. *See Cal. Civ. Code* § 2924.12(g) JPMC is a signatory to this consent order, which is still in effect. *See United States v. Bank of America Corporation et al.*, 922 F.Supp.2d 1 (D.D.C. 2013). Plaintiff has not alleged that JPMC is not in compliance with the terms of the Settlement Term Sheet of the consent judgment. (*See gen.*, Compl.). Accordingly, Plaintiff's HOBR claim fails and should be dismissed.

///

///

///

### E. Plaintiff Has Failed To State a Claim For Relief Under *Cal. Civ. Code* § 2923.5.

#### 1. Any HOBR Claim Premised On *Cal. Civ. Code* § 2923.5 Is Ill-Pled.

Though vague and ill-pled, the Complaint suggests that JPMC somehow violated *Cal. Civ. Code* § 2923.5 but puts forth no factual allegations indicating how, when, and by whom such a violation occurred.  (*See e.g.*, Compl. ¶ 11).  Under *Cal. Civ. Code* § 2923.5, JPMC is only required to either contact or attempt to contact Plaintiff in person or by phone to "assess" his financial situation and "explore" options in a good faith effort to avoid foreclosure.  *See Mabry v. Superior Court*, 185 Cal.App.4th 208, 214 (2010).  A successfully pled *Cal. Civ. Code* § 2923.5 claim requires Plaintiff to allege that JPMC (1) did not attempt to make a "good faith effort" to contact him and (2) did not use due diligence in making such attempts.  *See Shapiro v. Bank of Am., N.A.*, No. 2:11-CV-00576-JAM-CMK, 2011 U.S. Dist. LEXIS 117708, at *27 (E.D. Cal. Oct. 12, 2011).  "The lender's duty to assess the borrowers' financial situation may be discharged by simply asking the borrowers why they cannot make the scheduled mortgage payments, and the lender's duty to explore options means merely that the lender must tell the borrower the traditional ways that foreclosure can be avoided.  *Cal. Civ. Code* § 2923.5 does not impose any duty on the lender to become a loan counselor."  *See Mabry*, 185 Cal.App.4th at 232.  "Hence, any 'assessment must necessarily be simple—something on the order of, 'why can't you make your payments?'"  *Id*.  The statute does not require JPMC to actually negotiate or explicitly explore other foreclosure-avoidance options with Plaintiff or modify his loan.  *See id*.

Plaintiff merely alleges that JPMC violated *Cal. Civ. Code* § 2923.5 by failing to assist him in pursuing a loan modification prior to recording a Notice of Default and Notice of Trustee Sale.  (*See* Compl. ¶ 5-6).  However, Plaintiff has not pled any facts supporting a cause of action under *Cal. Civ. Code* § 2923.5.  (*See*

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 25159838.1

6

NOTICE OF MOTION AND MOTION
TO DISMISS

Compl. ¶¶ 4-16). There is no specification as to whether JPMC attempted to contact Plaintiff regarding his financial situation or whether JPMC exercised due diligence in making contact. *See id*. Moreover, Plaintiff does not allege when a notice of default was ever recorded such that *Cal. Civ. Code* § 2923.5 would even be applicable in this matter. Finally, Plaintiff has failed to explain how the alleged violations of *Cal. Civ. Code* § 2923.5 were material or caused actual damage. (*See* Compl. ¶ 8-9). Thus, Plaintiff has failed to state a cause of action under *Cal. Civ. Code* § 2923.5 and should be dismissed with prejudice.

### 2. *Cal. Civ. Code* § 2923.5 Does Not Apply To JPMC.

*Cal. Civ. Code* § 2923.5 only applies to entities that in the prior year "foreclosed on 175 or fewer residential real properties, containing no more than four dwelling units, that are located in California." *See Cal. Civ. Code* §§ 2923.5(g) and 2924.18(b). Plaintiff has not – and cannot – assert that Defendant "foreclosed on 175 or fewer residential real properties, containing no more than four dwelling units, that are located in California" in the prior year. (*See gen*., Compl.). Thus, *Cal. Civ. Code* § 2923.5 is inapplicable in this matter.

### F. Plaintiff Has Failed To State a *Cal. Civ. Code* § 2923.7 Claim.

Plaintiff claims that JPMC violated *Cal. Civ. Code* § 2923.7 by failing to provide him with a "single point of contact." (*See* Compl. ¶ 9). *Cal. Civ. Code* § 2923.7 states that a "single point of contact" shall be assigned upon a borrower's request for a foreclosure prevention alternative. *See Cal. Civ. Code* § 2923.7. However, Plaintiff does not allege when he submitted such a request; i.e. before or after section 2923.7 went into effect. Furthermore, Plaintiff specifically states that he "called [JPMC] repeatedly to no avail…[and]…JPMC failed to respond." (*See* Compl. ¶¶ 14-15). Plaintiff further claims that he "attempted" to communicate with JPMC. (*See* Compl. ¶ 5). These allegations are contradicted by Plaintiff's confusing and incoherent allegations in which he claims that "one representative would tell him that they would get him some assistance, and the next would tell him

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 25159838.1

7

NOTICE OF MOTION AND MOTION
TO DISMISS

he was not understood." (*See* Compl. ¶ 9). Plaintiff's pleadings are rendered even more confusing by his allegation that JPMC "strung him along" by failing to provide a "Tagalog speaking staff member." (*See* Compl. ¶ 7). Plaintiff does not explain why a Tagalog speaking staff member would be necessary or how JPMC was ever required to provide him with such a speaker. Rather, the pleadings are entirely vague and confusing and wholly insufficient to state a claim under *Cal. Civ. Code* 2923.7. Insofar as the HOBR claim is premised on *Cal. Civ. Code* 2923.7, it fails and should be dismissed.

### G. Plaintiff Has Failed To State A Claim For "Dual-Tracking."

This entire action is premised on the erroneous theory that JPMC somehow engaged in "dual-tracking" by failing to stay foreclosure proceedings while Plaintiff applied for a loan modification. (*See* Compl. ¶ 11). However, Plaintiff has not alleged any facts that would support such a claim. Specifically, Plaintiff has not alleged the specific statutory provision that prohibits dual-tracking; when JPMC allegedly initiated foreclosure proceedings; and when Plaintiff submitted a completed loan modification application that would trigger HOBR's dual tracking ban. This cause of action entirely lacks supporting factual allegations. Thus, Plaintiff's allegations in support of his dual tracking claims fail to state a claim and should be dismissed with prejudice.

### H. The Complaint's Allegations Do Not Support A Claim Under *Cal. Civ. Code* § 2924.11.

Though the Complaint may suggest that JPMC violated *Cal. Civ. Code* § 2924.11, Plaintiff's factual allegations do not support a claim for relief. *Cal. Civ. Code* § 2924.11 states in part that, "*If a foreclosure prevention alternative* is approved in writing prior to the recordation of a notice of default, a mortgage servicer, mortgagee, trustee, beneficiary, or authorized agent shall not record a notice of default…" *Cal. Civ. Code* § 2924.11 (emphasis added). Any HOBR claim premised on *Cal. Civ. Code* § 2924.11 fails in the first instance because the

Complaint is replete with allegations that JPMC did not provide Plaintiff with a foreclosure prevention alternative. (*See gen*., Compl). Accordingly, *Cal. Civ. Code* § 2924.11 is inapplicable in this matter.

## I. The Complaint's Allegations Do Not Support A Claim Under *Cal. Civ. Code* § 2924.17.

Finally, Plaintiff fails to put forth any allegations to support his claim for violations of *Cal. Civ. Code* § 2924.17. In relevant part, *Cal. Civ. Code* § 2924.17 requires lenders to take various steps to ensure that foreclosure documents are accurate prior to their public recordation. *See Cal. Civ. Code* § 2924.17. Here, Plaintiff provides no details indicating which documents contained allegedly inaccurate material, nor does he state with any semblance of particularity what information was allegedly inaccurate. Furthermore, California courts routinely dismiss similar claims under *Cal. Civ. Code* § 2924.17 when a complaining party fails to plead prejudice to the borrower. *See, e.g., Pedersen v. Greenpoint Mortg. Funding, Inc.*, 900 F.Supp.2d 1071, 1083 (E.D. Cal. 20120). Here, Plaintiff has not pled *any* facts, much less prejudice. Accordingly, Plaintiff's HOBR claim fails insofar as it relates to *Cal. Civ. Code* § 2924.17.

## IV. CONCLUSION

As discussed throughout this Motion, Plaintiff's claims are factually and legally deficient to state any cause of action. Accordingly, JPMC respectfully requests that the instant motion be granted with prejudice.

Dated: June 26, 2014              **Respectfully submitted,**

**MORGAN, LEWIS & BOCKIUS LLP**


By: /s/ *Joseph V. Quattrocchi*
Joseph V. Quattrocchi
Attorneys for Defendant
JPMorgan Chase Bank, N.A.

## PROOF OF SERVICE BY MAIL

I am a citizen of the United States and employed in Los Angeles County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 300 South Grand Avenue, Twenty-Second Floor, Los Angeles, CA 90071-3132. I am readily familiar with this firm's practice for collection and processing of correspondence for mailing with the United States Postal Service.

On June 26, 2014, I placed with this firm at the above address for deposit with the United States Postal Service a true and correct copy of the within document(s):

> **DEFENDANT JPMORGAN CHASE BANK NOTICE OF HEARING ON MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

in a sealed envelope, postage fully paid, addressed as follows:

Matthew Van Fleet
Albertelli Law Partners California, PA
9200 Oakdale Avenue, Third Floor
Chatsworth, CA 91311

Following ordinary business practices, the envelope was sealed and placed for collection and mailing on this date, and would, in the ordinary course of business, be deposited with the United States Postal Service on this date.

Executed on June 26, 2014, at Los Angeles, California.

I declare under the penalty of perjury that I am employed in the office of a member of the bar of this court at whose direction the service was made, and that the foregoing is true and correct.

*/s/ Victoria L. Rader*
Victoria L. Rader

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 25159838.1

10

NOTICE OF MOTION AND MOTION TO DISMISS